**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

    v.

**NICHOLE LYNN YOHE,**

    **Defendant/Petitioner.**

Case No. 13-40074-03-JAR
Case No. 16-4163-JAR

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Nichole Yohe's Motion to Correct and Modify her Sentence pursuant to 28 U.S.C. § 2255 (Doc. 203). Petitioner asks the Court to reduce her sentence under Amendment 794 of the United States Sentencing Commission Guidelines Manual. The Government has responded and moves the Court to dismiss Petitioner's motion as untimely if filed under § 2255 and that the Court lacks jurisdiction if the motion was filed under Amendment 794 (Doc. 205). For the reasons explained in detail below, the Court grants the Government's motion.

**I.     Procedural and Factual Background**

On December 9, 2013, Petitioner entered a guilty plea to Count One of the Indictment, conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.[1] In anticipation of sentencing, a Presentence Investigation Report ("PSR") was prepared, which determined that Petitioner was responsible for at least 13,000 kilograms but less than 30,000 kilograms of marijuana, resulting in a base offense level of 36.[2] Petitioner was assessed a

---

[1] Doc. 79.
[2] Doc. 93 at 14.

1

two-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a sawed-off shotgun, and awarded the relevant reductions pursuant to § 3E1.1, resulting in a total offense level of 35.[3] Petitioner's criminal history category was III, resulting in a final Guideline range of 210 to 235 months.[4] Petitioner was provided an additional two-point reduction in anticipation of the enactment of Amendment 782 to the Guidelines, resulting in a modified Guidelines range of 168 to 210 months.[5]

In advance of the sentencing hearing, the Government filed a Motion regarding sentencing, in which it requested a downward departure of more than fifty percent of Petitioner's applicable Guidelines range.[6] The Court granted the Government's motion, and on April 9, 2014, Petitioner was sentenced to 84 months' imprisonment.[7] She did not file a direct appeal in this matter. On August 13, 2015, the Court denied Petitioner's request for a sentence reduction pursuant to Amendment 782 to the Guidelines, as her sentence was outside the advisory guideline range due in part to the anticipation of the amendment.[8] The instant motion was filed October 21, 2016.

**II.    Discussion**

Section 2255 as a one-year statute of limitations, which runs from the latest of: (1) the date of the final judgment of conviction, (2) the date that the government removes an unlawful impediment to making a motion, (3) the date when the Supreme Court recognizes a right and makes it retroactive on collateral review, or (4) the date on which the facts supporting the claim

---

[3]*Id.*

[4]*Id.* at 22.

[5]Doc. 121.

[6]Doc. 113.

[7]Doc. 120.

[8]Doc. 202.

could have been discovered through exercise of due diligence.[9]  The Court entered Judgment on April 10, 2014.[10]  Under Rule 4(b) of the Federal Rules of Appellate Procedure, Petitioner's judgment became final fourteen days later, on April 24, 2014, as she did not file a direct appeal of her judgment of conviction.[11]  Thus, in order to be timely under § 2255(f)(1), Petitioner was required to file her § 2255 motion by April 24, 2015.  Petitioner filed the instant § 2255 motion on October 21, 2016, over one year after the one-year limitations period ran.

The one-year statute of limitations is subject to equitable tolling, but only in "rare and exceptional circumstances."[12]  Petitioner has the burden of establishing that equitable tolling should apply.[13]  Petitioner has not demonstrated that equitable tolling applies in the case.  Instead, Petitioner argues that she is entitled to a minor role reduction based on Amendment 794, relying on *United States v. Quintero-Leyva*, where the Ninth Circuit held that Amendment 794 "resolved a circuit split and was intended as a clarifying amendment . . . therefore it applies retroactively to direct appeals."[14]  *Quintero-Layva*, however, did not determine that Amendment 794 applies retroactively to cases on collateral review.  Petitioner's § 2255 motion seeks collateral review of her sentence; it is not a direct appeal.  As noted, Petitioner did not appeal her sentence.  Because no court has concluded that Amendment 794 applies to cases on collateral

---

[9] 28 U.S.C. § 2255(f).

[10] Doc. 120.

[11] *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (holding "[i]n the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires.").

[12] *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

[13] *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (refusing to apply equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

[14] 823 F.3d 519, 523 (9th Cir. 2016).

review, § 2255(f)(3) does not apply. Further, Amendment 794 to the sentencing Guidelines is not a "fact" relating to her criminal history and does not otherwise permit Petitioner to invoke § 2255(f)(4).[15] Finally, even if the Amendment applied, there was no factual basis for applying the minor role adjustment and Petitioner did not seek to have the adjustment considered at her sentencing.[16]

For these reasons, the Court concludes that Petitioner's § 2255 motion is untimely and that she has failed to show that the one-year statute of limitations does not apply. Amendment 794 has not been made retroactively applicable to cases on collateral review, only cases on direct appeal. Moreover, there was no factual support for applying a minor role adjustment before the Court at the time of sentencing. Accordingly, Petitioner's motion is denied and this case is dismissed for lack of jurisdiction.

### *Certificate of Appealability*

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[17] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[18] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of

---

[15] *United States v. Harrison,* ---F. App'x ---, 2017 WL 710426, at *2 (10th Cir. Feb. 23, 2017) (citations omitted).

[16] *See* PSR, Doc. 93; Sentencing Memorandum, Doc. 96.

[17] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[18] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

frivolity or the existence of mere good faith."[19]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[20]  For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing her § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Nichole Yohe's Motion to Correct and  Modify her Sentence pursuant to 28 U.S.C. § 2255 (Doc. 203) is DISMISSED as untimely.  Petitioner is also denied a COA.

**IT IS SO ORDERED.**

Dated: March 13, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[19]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[20]*Id.* at 336; s*ee also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).